**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAWN WARLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 5666 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this suit pursuant to 42 U.S.C. § 405(g) for review of a final decision denying her application for disability insurance benefits. The parties have filed cross motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the Court affirms the Commissioner's decision.

## Facts

On January 12, 2007, plaintiff was diagnosed with a burst disc with spinal cord compression. (Administrative Record ["AR"] 8-9.) Before her injury, plaintiff worked as a merchandiser, arranging product displays and shelves at grocery stores. (AR 120.) Each day, that job required her to walk and stand for two hours, climb for one and one-half hours, stoop and crouch for one hour, kneel for one-half hour and reach for fours hours. (AR 120.) She also had to lift twelve pounds frequently and lift and carry up to twenty pounds for short distances. (AR 120.) Plaintiff did not return to work after her injury. (AR 8.) On January 25, 2007, she applied for Social Security Disability Benefits. (AR 6.)

On April 20, 2007, an agency doctor determined that plaintiff had the residual functional capacity ("RFC") to stand or sit for six hours a day, balance and lift/carry twenty pounds occasionally and climb, stoop, kneel, crouch, crawl and lift/carry ten pounds frequently. (AR 198-205.)

On May 2, 2007, defendant denied plaintiff's application for benefits. (AR 56-60.) Plaintiff requested reconsideration of the decision, which was denied on October 9, 2007. (AR 62-65.)

On November 6, 2007, plaintiff requested a hearing on her claim before an Administrative Law Judge ("ALJ"). (AR 67.)

On May 8, 2008, plaintiff's treating physician, Dr. Bergin, prepared a residual capabilities questionnaire for plaintiff. (AR 249-50.) He said plaintiff had moderate chronic pain that would be aggravated by occasional lifting, bending and stooping and was unable to work "even [in] a sedentary occupation." (AR 250.)

On May 12, 2008, ALJ Dougherty held a hearing on plaintiff's application, and on February 2, 2009, she denied it. (AR 6-48.) The Appeals Council declined to review the decision. (AR 1.)

## Discussion

The Court reviews the ALJ's decision *de novo* but gives deference to her factual findings. *Prochaska v. Barnhart*, 454 F.3d 731, 734 (7th Cir. 2006). The decision will be upheld if it is supported by substantial evidence, *i.e.*, evidence "sufficient for a reasonable person to conclude that [it] supports the decision." *Id.* at 735 (quotation omitted).

The ALJ found that plaintiff is not disabled because she has the RFC to perform her previous job as a merchandiser, saying:

2

> The vocational expert testified that the claimant's past relevant work as a merchandiser is semi-skilled, light work. The vocational expert further stated that the claimant's residual function capacity is not inconsistent with the performance of this work. Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the *Dictionary of Occupational Titles*.

(AR 11.) Plaintiff contends that this finding is not supported by the record because the vocational expert ("VE") did not testify about plaintiff's RFC.[1]

Plaintiff is correct that the VE did not testify about plaintiff's RFC. (*See* AR 45-47.) But the ALJ's determination is still supported by the record. There is no dispute that plaintiff's merchandiser job is considered light work. (AR 46, 151); *see* U.S. Dep't of Labor, *Dictionary of Occupational Titles* ("DOT"), Occupational Definitions, 219.367-018 (4th ed. 1991), *available at* http://www.oalj.dol.gov/public/dot/references/dot02b.htm. The DOT defines light work as requiring "exert[ion of] up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently." U.S. Dep't of Labor, *Dictionary of Occupational Titles*, App. 3, § IV (4th ed. 1991), *available at* http://www.oalj.dol.gov/public/dot/references/dotappc.htm. The agency's RFC assessment, which the ALJ credited, shows that plaintiff can perform work with these requirements. (AR 199.)

Plaintiff also contends that the ALJ's reliance on the RFC assessment violates Social Security Ruling ("SSR") 96-2p. That Ruling directs the ALJ to give a treating physician's opinion controlling weight unless, among other things, the opinion is inconsistent with the other substantial evidence in the case. Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to

---

[1] Plaintiff actually argues that the finding violates Social Security Ruling 82-62, which requires the ALJ to make a specific finding that plaintiff's RFC permits her to perform past relevant work, if the decision rests on that ground. *See* Program Policy Statement: Titles II and XVI: A Disability Claimant's Capacity To Do Past Relevant Work, In General, SSR 82-62, 1975-1982 Soc. Sec. Rep. 809, 1986 WL 31386, at *4 (S.S.A. 1982). Because the ALJ made such a finding (*see* AR 11), the Court construes this argument as an attack on the basis for the finding.

Treating Source Medical Opinions, SSR 96-2p, 1996 WL 374188, at *1 (S.S.A. July 2, 1996). On May 8, 2008, plaintiff's treating physician, Dr. Bergin, said plaintiff had chronic pain that was aggravated by exertion, and thus, was "unable to work," even in a sedentary job. (AR 250.) The ALJ rejected that opinion because it was not supported by the records of Bergin's 2007 post-operative treatment of plaintiff or plaintiff's testimony. Bergin's treatment notes show that plaintiff made steady progress in her recovery after the surgery, and in October 2007 she told him that she "[was] getting some back pain, but overall . . . [was] happy with her results." (AR 206-07, 243.) Bergin did not see plaintiff again until May 2, 2008, when he reported that she had some "sporadic" and "mild low back pain with increasing activity," was "otherwise doing well" and no longer needed prescription pain medication. (AR 251.) Yet, less than a week after that exam and just four days before the hearing, Bergin said plaintiff had chronic pain that rendered her unable to do any work at all. (AR 250; *see* AR 254-55.) That opinion contrasts starkly with his treatment notes and plaintiff's testimony that she could walk for nearly a mile, climb stairs, shop for groceries, cook, do light housework and work on a computer. (AR 30-44.) Because Bergin's opinion about plaintiff's RFC is inconsistent with the other substantial evidence in the case, the ALJ did not err by rejecting it.

Finally, plaintiff challenges the ALJ's credibility finding, a finding the Court will overturn only if it is "patently wrong." *Prochaska*, 454 F.3d at 738. Credibility determinations are governed by SSR 96-7p, which requires the ALJ to evaluate, in light of all of the evidence, "the intensity, persistence and functionally limiting effects" of plaintiff's symptoms and the extent to which they affect her ability to work. Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, SSR 96-7p, 1996 WL

374186, at *1-2 (S.S.A. July 2, 1996). The record shows that the ALJ did so, and concluded that plaintiff's "allegations of disabling symptoms and limitations" were not credible because they were: (1) not supported by Bergin's treatment notes; (2) contradicted by the agency doctor's RFC assessment; (3) inconsistent with plaintiff's testimony about her daily activities; and (4) rendered suspect by plaintiff's complaints of pain unrelated to her back injury. (*See* AR 8-11.) Because the ALJ's credibility analysis is not patently wrong, the Court has no basis for overturning it.

## Conclusion

For the reasons set forth above, the Court affirms the Commissioner's final decision denying plaintiff's application for benefits. Therefore, the Court denies plaintiff's motion for summary judgment [doc. no. 13], grants the Commissioner's motion for summary judgment [doc. no. 21] and terminates this case.

**SO ORDERED.**                                    **ENTERED: November 9, 2010**

                                                                              *[signature: Ronald A. Guzman]*
                                                                              _____
                                                                              **HON. RONALD A. GUZMAN**
                                                                              **United States District Judge**